UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY BAKER, an individual

    Plaintiff,

v.                                                    Case No:  2:17-cv-403-FtM-38MRM

ADVANCED IMAGING OF PORT
CHARLOTTE, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Jeffrey Baker's Motion for Final Default Judgment (Doc. 28). The Court previously granted the Motion in part but determined that a hearing should be held to determine the appropriate amount of damages. (Doc. 29).

**A.  Background and Procedural History**

Baker worked for Advanced Imaging as a nuclear technologist from 2004 to 2016. Advanced Imaging terminated Baker, who was born in 1955, and replaced him with a person under the age of 40.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Baker sued for age discrimination and retaliation in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act. (Doc. 1). He is seeking back pay, front pay, liquidated damages, and noneconomic damages.

Advanced Imaging timely answered through previous counsel Blake J. Fredrickson and Stanford R. Solomon. (Doc. 12). But on January 9, 2018, Magistrate Judge Mac R. McCoy allowed Fredrickson and Solomon to withdraw and ordered Advanced Imaging to retain new counsel within 30 days. (Doc. 22). Advanced Imaging failed to comply, and on May 1, 2018, Magistrate Judge McCoy ordered Advanced Imaging to retain counsel within 14 days and to show cause why a default should not be entered against it. (Doc. 24). Again, Advanced Imaging failed to comply. Magistrate Judge McCoy entered a Report and Recommendation recommending default (Doc. 25), which the Court adopted (Doc. 26), and the Clerk entered a default on June 12, 2018 (Doc. 27).

Baker then moved for default judgment. (Doc. 28). The Court granted the Motion as to Baker's age-discrimination claims and denied the motion as to his retaliation claims because Baker failed to adequately plead that he engaged in any statutorily protected activity, a prerequisite under both state and federal law. (Doc. 29). Baker's Motion requests $116,712.88 in back pay, $116,712.88 in liquidated damages, $84,967.74 in front pay, and $25,000.00 in noneconomic damages. (Doc. 29 at 6-8).

At the damages hearing, Baker presented pay stubs, W-2 forms, his own testimony, and the testimony of his wife, Fernanda Baker. Advanced Imaging, though notified of the hearing, did not appear.

**B. Damages**

When liability is established by default, a plaintiff must prove damages with reasonable certainty so the court can determine the appropriate amount. *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1310-11 (N.D. Ga. 2017).

**1. Back Pay**

In an age-discrimination suit, a successful plaintiff receives back pay from the date of termination to the date of trial. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000). While working for Advanced Imaging, Baker was paid a gross annual salary of $110,000.02, or $9,166.66 per month. His lost wages for the twenty-four months between his termination and this final judgment is thus $220,000.04. During that time, Baker got a new job and earned $102,542.46 in gross wages ($6,765.62 in 2016, $50,972.67 in 2017, and $44,804.17 in 2018). Baker is thus entitled to a back-pay award of $117,457.58.

**2. Liquidated Damages**

A successful ADEA plaintiff is entitled to liquidated damages only for a willful violation of the statute. *Day v. Liberty Nat. Life Ins. Co.*, 122 F.3d 1012, 1016 (11th Cir. 1997). Willfulness is a question of fact and exists when the employer knew its conduct was prohibited or showed reckless disregard for whether it was prohibited by the ADEA. *Id.* Here, Baker has not met his burden of establishing that Advanced Imaging willfully violated the law.

Baker's Complaint makes the conclusory allegation that Advanced Imaging's violations were willful and obliquely states that Baker objected to disparate treatment. (Doc. 1 at 3-4). But it does not state any facts sufficient to demonstrate that Advanced

3

Imaging knew terminating Baker would violate the ADEA. Baker's Declaration and oral testimony was silent on the issue of willfulness. For the foregoing reasons, Baker has not established entitlement to liquidated damages. See *E.E.O.C. v. Grand Starr, LLC*, No. 1:06-CV-2915-BBM, 2007 WL 971250, at *1-2 (N.D. Ga. Oct. 16, 2007).

### 3. Front Pay

"The ADEA accords the district court broad remedial authority 'to grant such legal or equitable relief as may be appropriate to effectuate the purposes of [the ADEA].'" *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (*quoting* 29 U.S.C. § 626(b)). The Eleventh Circuit has "observed, 'the purpose of the ADEA…is to make the plaintiff whole, to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." *Id.* at 1350. District courts enjoy wide discretion in selecting appropriate remedies. *Id.* at 1349. But the Eleventh Circuit has cautioned that reinstatement is the presumptive equitable remedy, and that "[f]ront pay remains a special remedy, warranted only by egregious circumstances." *Lewis v. Fed. Prison Indus., Inc.*, 953 F.2d 1277, 1281 (11th Cir. 1992) (holding that front pay was appropriate when the plaintiff "emerged from an antagonistic, discriminatory work environment with an emotional disturbance that rendered him unfit to return to that environment, within a time frame that left him only four years until…mandatory retirement" but emphasizing "that in many cases the remedy of reinstatement will continue to suffice despite the presence of any one of these factors").

Baker has sought front pay in lieu of reinstatement throughout this case, but he has not explained why. Baker has not alleged that antagonism exists between the parties or that he would be unable to resume working for Advanced Imaging. Baker and his wife

4

testified that he suffered emotional distress because of the termination. But he has not presented evidence suggesting that a return to his former job would exacerbate the harm, or that his emotional distress renders him unfit to return. In short, Baker has not established the existence of egregious circumstances sufficient to justify front pay in lieu of reinstatement. His decision not the pursue reinstatement does not relieve him of his burden of proof.

### 4. Noneconomic Damages

Although unavailable under the ADEA, damages for emotional distress and dignitary injury are authorized by the FCRA. *Munoz*, 223 F.3d at 1348. A plaintiff's testimony concerning emotional and dignitary impact is sufficient evidence to justify an award. *Id.* at 1348-49.

At the damages hearing, Baker testified that he experienced depression, sleeplessness, headaches, and nausea due to his termination, and that he lost twenty pounds. He also feels humiliated because he must acknowledge the termination when he applies for other employment. Mrs. Baker testified that her husband became quiet and withdrawn after the termination. When he opened up, Baker expressed extraordinary humiliation because of the damage done to his reputation in the local medical community. Later, Mrs. Baker saw in her husband signs of anger and aggression that he had not previously displayed in their thirty-seven years of marriage. She also corroborated Baker's sleeplessness, loss of appetite, nausea, and weight loss. While he has improved, Baker still experiences occasional sleepless nights. The Court finds the testimony sufficient to justify an award of noneconomic damages in the amount of $25,000.00.

Accordingly, it is now

**ORDERED:**

Plaintiff Jeffery Baker's Motion for Final Default Judgment (Doc. 28) is **GRANTED in part** and **DENIED in part**.

The Clerk shall enter default judgment in favor of Plaintiff Jeffrey Baker against Defendant Advanced Imaging of Port Charlotte, LLC in the amount of $142,457.58.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of September, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record