UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY BAKER, an individual,

    Plaintiff,

v.                                                      Case No:   2:17-cv-403-FtM-38MRM

ADVANCED IMAGING OF PORT
CHARLOTTE, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion for Attorney's Fees & Costs, filed on September 20, 2018.  (Doc. 35).  Defendant Advanced Imaging of Port Charlotte, LLC did not file a response to the Motion and the time to respond has lapsed.  For the reasons set forth below, the Undersigned recommends that the Motion for Attorney's Fees and Costs (Doc. 35) be **GRANTED**.

    **I.**    **Background and Procedural History**

On July 18, 2017, Plaintiff Jeffrey Baker brought this action for alleged violations of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), claiming age discrimination and retaliation.  (Doc. 1 at 1).  Defendant, through counsel, filed an Answer and Affirmative Defenses on September 6, 2017.  (Doc. 12).  Thereafter, on December 28, 2017, Defendant's counsel moved to withdraw and on January 9, 2018, the Court entered an Order (Doc. 22), granting the Motion to Withdraw.  In this January 9, 2018 Order, the Court required Defendant to retain counsel to represent it within thirty (30) days from the date of the Order.  (Doc. 22 at 2).

Defendant failed to retain counsel by the deadline, and on May 1, 2018, the Court entered an Order to Show Cause why a default should not be entered against Defendant for failing to retain counsel and failing to comply with the January 9, 2018 Order.  (Doc. 24 at 2).  Defendant did not respond to the Order to Show and, thereafter, the Court entered a Report and Recommendation, recommending that a default be entered against Defendant for failing to obtain counsel and for failing to comply with prior Orders of the Court.  (Doc. 25 at 2).  The Report and Recommendation was adopted and the Clerk of Court entered a default against Defendant on June 12, 2018.  (Doc. 26; Doc. 27).

On August 16, 2018, the presiding trial judge entered an Opinion and Order (Doc. 29) granting in part and denying in part Plaintiff's Motion for Final Default Judgment.  (Doc. 29 at 4).  The presiding trial judge granted default judgment as to the age discrimination claims and denied the motion for default judgment as to the retaliation claims.  (*Id.* at 4-5).  In addition, the presiding trial judge set the matter for hearing to determine the amount of damages.  (*Id.* at 5).  On September 6, 2018, the presiding trial judge held a hearing on damages and on September 7, 2018, the presiding trial judge directed the Clerk of Court to enter a default judgment in favor of Plaintiff and against Defendant in the amount of $142,457.58.  (Doc. 33 at 6).

The Undersigned turns to the instant Motion for Attorney's Fees and Costs.  (Doc. 35).

**II.      Motion to Attorney's Fees and Costs (Doc. 35)**

Plaintiff seeks an award of $12,650.00 in attorney's fees for 46.00 hours expended in this case and costs of $400.00.  (Doc. 35 at 3, 6).  Plaintiff argues that pursuant to the ADEA, a plaintiff who obtains a judgment in an action may recover reasonable attorney's fees from the defendant.  (*Id.* at 2).  Under 29 U.S.C. § 626(b), "[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b),

216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section." 29 U.S.C. § 626(b). Thus, the ADEA does not specify an entitlement to attorney's fees, but instead incorporates selected provisions of the Fair Labor Standards Act. *Moore v. Mark Debiase, Inc.*, No. 5:10-CV-541-OC-10PRL, 2013 WL 84942, at *1 (M.D. Fla. Jan. 8, 2013). Each of these provisions provides for the recovery of attorney's fees and litigation costs. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1221 n.8 (11th Cir. 2007).

Here, on September 10, 2018, Plaintiff obtained a Default Judgment (Doc. 34) and, thus, is entitled to recover reasonable attorney's fees and enumerated costs.

### A.     Legal Standard

"A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013) (applying a lodestar analysis in a class action arising under the FLSA). The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A]n applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Wales*, 192 F. Supp. 2d at 1317 (citing *Norman*, 836 F.2d at 1299). A court may, however, rely on its own expertise and judgment in assessing the value of counsel's services. *Id.* (citing *Norman*, 836 F.2d at 1303).

### 1. Hourly Rate

The first step is for a court to ascertain the hourly rate for the attorney's representation. *Worthen v. Buckshot Cable, Inc.*, No. 2:12-CV-57-FTM-38UAM, 2013 WL 3070847, at *1 (M.D. Fla. June 17, 2013) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996)). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman*, 836 F.2d at 1299. The burden lies with the movant to establish that the rate requested is reasonable and in line with the prevailing market rates. *Worthen*, 2013 WL 3070847, at *1 (citing *Norman*, 836 F.2d at 1299).

In this case, Plaintiff requests an hourly rate of $275.00. In support of this rate, Plaintiff's counsel states that he is Board Certified in Labor & Employment Law and practices exclusively in this field. (Doc. 35 at 3). Further, counsel claims to have nine (9) years of legal experience and has litigated approximately 205 cases in federal court, all of which involved the field of labor and employment law. (*Id.*). In addition, Plaintiff attaches attorney Suzanne Boy's declaration who states that the rate of $275.00 is reasonable based on Plaintiff's counsel's board certification, experience, abilities, and reputation and, additionally, is reasonable in the Southwest Florida market. (Doc. 35-2 at 2). The Undersigned finds that the requested rate of $275.00 per hour is reasonable based on the prevailing market rates and the evidence submitted by Plaintiff.

### 2. Number of Hours Expended

The second step is for the court to ascertain the amount of hours reasonably expended by counsel. *Worthen*, 2013 WL 3070847, at *1 (citing *Duckworth*, 97 F.3d at 1397). Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a

4

client." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  In determining a reasonable number of hours, courts "should exclude excessive, unnecessary, and redundant hours."  *Villaneuva-Gonzalez v. Grainger Farms, Inc.*, No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *2 (M.D. Fla. Aug. 9, 2011) (citing *Duckworth*, 97 F.3d at 1393).

Plaintiff alleges that counsel expended 46.0 hours of time in this case.  (Doc. 35 at 5).  Plaintiff claims that these hours were necessary, not excessive, and not redundant.  (*Id.*).  Further, Ms. Boy concurred that "46.0 hours is a very reasonable amount of hours in ADEA litigation."  (Doc. 35-2 at 2).  The Undersigned finds that the number of hours expended is reasonable after consideration of counsel's billing records.  (Doc. 35-1 at 4-6).

**B.     Request for Costs**

Plaintiff seeks $400.00 in costs pursuant to Fed. R. Civ. P. 54(d).  Rule 54 provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  Further, under the ADEA, a plaintiff may recover costs in addition to fees, but these costs are limited to those costs enumerated in 28 U.S.C. § 1920.  *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 802 (11th Cir. 2012) (citing *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)).

Section 1920 provides that the fees of the clerk are taxable costs.  28 U.S.C. § 1920(1).  Here, Plaintiff seeks only the Clerk of Court's filing fee of $400.00.  The Undersigned finds that $400.00 in costs is taxable for the filing fee.

5

**III.     Conclusion**

Accordingly, the Court finds that Plaintiff's counsel's hourly rate of $275.00 and 46.0 hours expended in this case are reasonable and, thus, an award of $12,650.00 in attorney's fees and $400.00 in costs is reasonable.

For the reasons explained above, the Undersigned **RESPECTFULLY RECOMMENDS**:

The Motion for Attorney's Fees & Costs (Doc. 35) be **GRANTED** and Plaintiff be awarded $12,650.00 in attorney's fees and $400.00 in costs.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 3, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties